Once again, Gary Burcham, this time for Oscar Barretto. We're still in Ventura County, however this time we're looking at the misconduct of an attorney, not a juror. Mr. Barretto was arrested by Ventura PD in an apartment complex when someone said they saw him with a firearm on his person. He was arrested because of some prior strikes he had from a 1985 burglary conviction. He was charged as a three-striker and was facing, obviously, 25 years to life with that charge. Prior to trial, his attorney filed a Romero motion to strike the prior strikes. That was denied by the trial court, and so the case was set for trial and proceeded towards trial. On the morning, literally the morning of trial, when I believe the jury was outside the doors waiting to come in, for the first time in the case, the attorney, for Mr. Barretto, addressed the possibility of a plea bargain for his client. Several months between arrest and trial, a 25 years to life sentence facing his client, what the government has described as overwhelming evidence of guilt against Mr. Barretto. For the first time, incredibly, in the entire case, it was not until the day of trial that the issue of a plea bargain was approached or addressed by a defense counsel. Mr. Barretto presented this claim in state court, then in a 2254, and both were denied, and we are now here presenting this issue concerning ineffective assistance based upon the failure of Mr. Barretto's counsel to initiate plea negotiations in a timely manner. The government first argues that the claim is not properly before the court because it was not presented either in the state court or in the 2254. The first response I have to that is that the government has waived its waiver argument. If this was the government's position, it should have raised it in the objection to the reported recommendation, where clearly this issue was addressed and the district court did not do so. So it's our position that the government has waived its ability to bring the waiver argument. The magistrate judge ruled for the state. Yes, sir. And so the state was happy with the bottom line. The state was happy with the bottom line, but now is unhappy with the particular issues that are the issue that is before the court. I understand, but why does the, if the state or a party gets a ruling from the magistrate judge that they are happy with, but maybe not happy with all the issues that are resolved, but they are happy with the bottom line, why do they have an obligation to object to the things that they don't agree with? Why can't they simply say, look, we're happy with the bottom line. We asked the district court to adopt the report of recommendation. And why does that somehow carry an endorsement of everything that the MJ says? Well, I think, Your Honor, because it's a different position they're taking now. It's not simply winning on the merits. It's whether the claim was properly presented in the first place.  Well, you know, the magistrate judge says, look, I'm going to construe this very liberally by reading his complaint as having, as encompassing a claim of an offense. His federal petition was claiming an emphasis as a counsel. And the attorney general looks at that and says, well, we don't construe it so liberally. We think that was wrong. Well, then they keep reading and the magistrate finally comes around and says, despite that, I find it's not exhaustive. I find, I find, I find in any event that there is no substance to it. So, I mean, why does, why does the party get happy with the bottom line? Why is it required that there's a pick in the teeth of the judge who's just willing to favor by saying, but we disagree with these points? I think that the government is under obligation to raise all its affirmative defenses. In the Morrison case, we call it the first response of pleading. And in this case, even if the government did not think that that issue was presented prior to the magistrate's R&R, clearly in the R&R it was there. At that point, for reasons of judicial economy, and just to get all this stuff taken care of in the district court, the government has the duty to present its issues there so that the district court or the magistrate's judge can take them into account, write a complete and thorough R&R, and not leave issues like this for the court of appeals where it could have been handled. But they didn't know about this until the magistrate judge came up with its R&R, right? They did not know this business about I'm going to read the complaint. I mean, basically, the ineffective assistance of claim here was introduced into the case by the magistrate judge. I would disagree with that, Your Honor. I think that if we construe it liberally. Obviously, the 2054 was not artfully written, nor was the state filings. But if you construe it liberally, if you attempt to give Mr. Beretto the benefit of the doubt as to what he was alleging, under the facts of this case, I think it's fair for the magistrate judge to have concluded. But counsel, wasn't the original assertion that his counsel failed to inform him of a plea offer made by the government? A literal reading of the 2054 and the state court filings would certainly lead someone in that direction, that it was not a failure to initiate so much as a failure to advise of a potential plea offer that was there. But I think when you look at the facts of the case, the co-defendant in this prior case who later received a break from the DA, I think implicit in that statement is the fact that the other guy got five or six years. I should have gotten that as well. And my attorney didn't do anything. He made reference to the conversation, didn't he, in the colloquy that occurred in the court on when his attorney. In his 2254? Yeah. Well, in his. What did he present to the state court? The state court was saying he presented to the state court the claim that he wasn't informed of a plea bargain. Right, right. But didn't he cite to the, or did he quote the conversation or something? I believe so. I think he just really was, misunderstood exactly what was going on with the co-defendant. And it's still somewhat unclear as to Mr. Villa, who exactly he was and what the deal he received was and what his, what the situation was with respect to striking the strike later on. It's still, I think, a little bit unclear. But I think, you know, he's doing 25 to life in a case that never should have gone to trial. And I think that this court should construe it liberally, give him the benefit of the doubt with respect to the pleading. What do we do about the fact that the state courts never address this issue? I mean, never really had a fair chance to address the issue. Because he really did not, I mean, he asked that it be, that it would construe, but we don't know whether they did or not. And if you just look at the state, even if we get past the question of whether the federal complaint is broad enough, you still have genuine doubt that the state court, that the state courts had a chance to take crack at this issue. It is clear, Your Honor, that the state court did not nail this issue or crystallize the issue like the magistrate court did. So why is it not exhaustive? Well, I think that the state court opinion was less than thorough. It was not the detailed analysis that we received in the magistrate judge. I think the most we can say about it is that they did not construe his state complaint broadly. They construed it narrowly. I think that would be fair to say. Is that a constitutional violation not to construe broadly the complaint of a pro se petitioner? Does he have a constitutional right to have this established by the Supreme Court that state ABS petitions have to be construed broadly? The Supreme Court has said that pro se litigants should have their pleadings construed liberally, and I think every court of appeal has said that as well. And so to the extent that the state... There's a big difference between saying they should have their pleadings construed liberally and to say that in state habeas proceeding you have a constitutional right to have the state court construe your petition liberally. I do not know of a case... You understand there's a big difference between those two, because the latter has to do with what it takes to fairly present an issue to the state court. And I have some difficulty concluding here that your client has fairly presented an issue to the state court, unless there's some obligation on the state courts to take what he said there and construe it as encompassing an ineffective assistance of counsel claim. I just don't see where he's presented it. I certainly don't know at this time of any specific... Is it too late? Could we hold this petition in abeyance and give him a chance to take it to state court? I don't believe it's too late at all. If the court is concerned about the exhaustion issue, I would urge the court to hold this appeal in abeyance. Are you authorized to do it? I would have to research that. You don't even have a motion. Given these facts, Your Honor, I'd have to look into that. But if the court is considering exhaustion as being a bar to this claim in the first instance, I would certainly make a motion to the panel to hold this or stay these proceedings and allow Mr. Beretto, pursuant to the order of the court or the directive of the court, to exhaust this issue properly as directed by this panel. If this issue has not been exhausted, aren't we obligated to rule against you on that? I don't believe so. I think that this is an issue that really just arose at this point in the court of appeals. It was never addressed in the district court. This is the reason why it should have been addressed in the district court. So it could have been addressed if it was a mixed petition. It could have been handled at this point. Now we're in the court of appeals. We have a late government claim that this has not been exhausted. And we have procedural issues. Couldn't we remand to the district court to sort it out as opposed to holding it in abeyance? I think that would serve the same purpose, to let this be sorted out by a Federal court. And if it's deemed to be something that has to be exhausted before the decision can be reviewed either in the district court or here, I think that would be proper as well. Why don't we hear from the government? I may appease the Court. I think the claims are very different. I don't know whether it's just a question of liberally construing them. In the one instance, the claim is that there was a plea bargain offer of six years that was not communicated by the lawyer to the client. That seems to be factually different, if not inconsistent, with the claim that the lawyer did not initiate any plea bargain discussions at all. The theory of the claims are different. In the one instance, the claim is that the Constitution imposes an obligation on the lawyer to initiate plea bargains. In the other instance, the theory is that the Constitution puts an obligation on the lawyer to communicate an actual plea bargain that's offered. And the theory of harmless prejudice is different, because in the one instance, the theory would be that I would have taken the offer, and in the second instance, apparently the theory would be I might not have taken the offer if I had known that it emanated from the prosecution rather than initiated by my lawyer. At the State court level, the defendant produced this claim about having the plea bargain deal with the defense lawyer and the prosecutor and the judge on the first day of trial. But in doing so, the defendant, again, claimed that there was a specific offer for six years. And looking at those pages, which were the pages he proffered in support of his claim, there was nothing on those pages that supported the factual or legal theory of the claim. You have to admit that the lawyer did not do such a great job compared to the court defendant's lawyer, who managed to get at least one of the strikes struck. You know, the court defendant was the worst guy. And here the prosecutor was very, very forthright and said, yeah, you know, I was really surprised that the defense lawyer didn't approach me about this. We'd be willing to do something. And the defense lawyer doesn't follow up, doesn't say, wait a minute. We'd like a recess. We'd like another chance to talk about it. We'll prepare something. He says, thank you. It's a little lame. Well, I don't think we know the full story on that particular aspect of the case. The defendant, again, never claimed in the State court that there was no initiation of a plea bargain discussion. The colloquy between the prosecutor and the defense lawyer doesn't say that there was no initiation and doesn't say that there never were any plea bargain discussions. All it says is that the defense lawyer never came up with a specific offer about what sentence he would accept. And the judge, in deciding that he would not strike a strike in his Romero discretion at that time, left the door open to both the defense lawyer and the prosecutor to continue to discuss the matter. Now, the fact that nothing more was said about it doesn't mean that it wasn't discussed and it doesn't mean that they were at loggerheads about whether or not there was going to be any offer that was going to be acceptable to either side. So I don't think we know those things. I think on the question of whether or not to do it. Kennedy. If there had been discussion, wouldn't that have been something that the defendant would have had to be advised of? You think the lawyer can just, I mean, let's say it's an area that you posit. They have this colloquy and then as the trial progresses, they have chats in the corridor and they talk about various possibilities. You don't think that these are things that the defendant would have to be advised of? Well, I don't think he'd necessarily have to be advised of them if they didn't culminate in an offer. I mean, certainly I think if the prosecution made an offer, the defense should communicate the offer to the client. But if there's no offer and there's nothing that the defense lawyer in his conversations with the prosecutor's office before trial or after trial, if there's nothing in those conversations that show any glimmer that the prosecution is going to do anything but insist on the life term, then I don't think there's any need to discuss mere speculation or wishful thinking on the part of the defendant. There's nothing in the record that shows that conversations like that didn't occur. And if conversations like that did occur, there's nothing in the record that shows that they weren't communicated to the defendant. Again, this question about communication, it was alleged in the petition, but the only evidence that the defendant produced in support of it was that ambiguous colloquy between the defense lawyer and the prosecutor on the first day of trial. Now, on the procedural question, I think there's a number of reasons why the State wasn't obligated to object to the magistrate's report and recommendation in this area. One of which is that we won, and I don't think there's any rule that requires us to flood the magistrate's court or the district court with paperwork if we won. The second is that there's a statute, 2254b, that says the State can't be deemed to have waived the exhaustion defense or be stopped from raising it unless it's explicitly waived by the defense, by the prosecutor's, the State's lawyer at trial. So I think failure to object to the R&R couldn't trump the statutory protection that the AEDPA gives to the exhaustion defense. And another reason why we shouldn't be obligated to object is that there really wasn't anything to object to. The magistrate denied the claim. And under the AEDPA, the magistrate has jurisdiction to deny the claim. It doesn't have the jurisdiction to grant relief on the claim if it wasn't exhausted in State court, but the magistrate has and the district court has jurisdiction and authority to deny the claim. So there wouldn't have been any real legal grounds for us to object because the magistrate's ruling in that respect was correct under the law, despite the fact that the claim was not exhausted in State court. I think, again, on the merits of the claim, whether or not it's construed as, well, I guess if the claim that's before the court is somehow this new claim, that there was no initiation, there's no reason in the record, particularly in a three-strikes case where the statute discourages, if doesn't forbid, plea bargaining with respect to priors, and in a case where the defense lawyer brought the matter to the attention of the judge and the prosecutor, both before trial and after trial. And in every instance, the prosecution refused to go along with the defense effort to have the judge strike a strike. The evidence in the case was strong. And there's really no reason for this Court or for the State court to have concluded that there was any basis to conclude on the basis of these allegations that a — that an offer would have been made. Except for what the prosecutor said in that comment. I mean, it sure looks to me like they would have entertained it. They said, you know, really, we thought the other guy was more — more culpable and we bargained with him and were kind of surprised at this, you know. Well, again, that was — that was a prosecutor who wasn't involved, apparently, in the original discussions, said that there was an initial consideration, an initial determination that maybe the cases were similar. See, your argument is that they opposed his motions to eliminate strikes. But that's in the posture of a defendant that they know is going to trial and claiming innocence. And, you know, it's — the fact that they opposed it there doesn't mean they wouldn't have bargained for it. Well, but I think even if you look at what the prosecutor said, referring to in the original case of Villa, whoever that is and whatever his background was and whatever the crime charge against him was, we don't even know. But the prosecutor, in referring to the Villa case, talked about striking a strike. It wasn't clear that there was a plea bargain. The statute gives the prosecutor a right in the interest of justice to ask the court to strike a strike. It wasn't clear that even if there was a strike struck in this case, which would have reduced his priors from four serious and violent felonies to three, that would have resulted in anything other than the same 25-year-to-life sentence, and nothing to suggest that it would have resulted in any kind of sentence that the defendant would have accepted. I think — I think that colloquially, such as it is, it's still extremely ambiguous about what the Villa circumstances were, what actually happened, and what would have happened to — to Varela. It may not take into effect the fact that Villa may have had fewer strikes total. Yes. Yes. Yes. And I don't know what Villa's charge crime was either. You know, this charge crime was ex-felon in possession of a gun. And, you know, any felony qualifies under the third strike. The DA might very well have thought that they don't want a four-strike felon running in the streets with a gun. What is your response to the petitioner's motion that we hold this case in abeyance and remand or give him a chance to exhaust the claim? Well, I think our position would be to oppose that on a couple of grounds. One would be that because the factual basis and the legal theory of this claim are different, I don't think that exhausting and coming back to State — and coming back to Federal court is going to solve his statute of limitations problem on this new claim. Because it never really has been presented in a Federal petition. And if it goes back to State court, the State court might entertain it. But if it comes back to Federal court, I think he's going to be outside the statute of limitations under Felix v. Mayo. I'd have to go take a closer look at Felix v. Mayo, but I think this would fall inside it. Well, but not if you construe the Federal petition broadly as a magistrate judge did. A magistrate judge looks at it and says, I construe it broadly as encompassing an effective citizen's counsel claim. And that's not an implausible interpretation. Let's see what Gabriel and the magistrate judge. Yes, we think that that is a proper construction. But the problem is this thing hasn't been exhausted. We now have a motion that says, okay, if it hasn't been exhausted, we did raise a petition. The magistrate judge said so. You all agree. We'd like to send this case back to district court with the instruction that the district court hold the case in abeyance long enough for a petitioner to go to State court and exhaust. It hasn't been exhausted the first time, so there's no question of waiving the exhaustion argument. Everybody agrees there was no exhaustion. But then we now ask to hold in abeyance the Federal petition while he goes to the State court and exhausts. Did the Supreme Court say you have to do that just last time? No, I don't think they say you have to do it in every case. And I think there are a couple of prerequisites that he would have to meet, even if he could – a couple of prerequisites he'd have to meet, even under – I guess it's Rhines v. Weber. One is I think essential to what Your Honor is proposing is that a broad reading of this allegation really does communicate the idea that there was no initiation of the plea bargain when the allegation that's made is pretty much factually the opposite, that there was a plea bargain and it wasn't – and it wasn't communicated. So I would – I would object to reading the allegation in the Federal petition broadly, but assuming that – broadly to accomplish that particular purpose. But assuming that the Court were on solid ground in doing that, I think even under Rhines v. Weber, there's an initial – there's an initial requirement of good cause for not having exhausted in the State court in the first place. And I think you'd have to overcome that, too. That might be something that if this were going to be pursued, it should be the subject of perhaps a motion in opposition to see where we stand on those issues. Is it forfeited in the State court? I – you know, I think whether it's forfeited in the State court depends a lot on what – on what Beretto's actual personal reasons are for not having resolved this in the first one, because our Supreme Court does give some – some leeway for justification for delay in presenting a second petition. Okay. Thank you. Thank you. I think we're out of time. We have a couple of questions. Thank you. The case is almost answered, but we'll take a recess before the remaining cluster of cases. All rise. Thank you.
judges: Canby, Kozinski, Rawlinson